ELIZABETH LUHRS, APPELLANT, v. STEPHEN O. COMMORS, RESPONDENT.

*Summary proceedings for holding over after expiration of term — return of precept — it cannot be made returnable the day after it was issued — Code of Civil Procedure, sec. 2238.— Voluntary appearance — what is not sufficient to confer jurisdiction on the justice.*

APPEAL from a judgment of the County Court of Kings county, reversing a judgment of a justice of the peace.

This was a summary proceeding for the removal of a tenant. The premises were rented to the defendant by the plaintiff on the 17th day of February, 1882, for the term of one month, and by the month from that time. On the 17th day of June, 1882, she caused notice to be served on him, requiring him to remove on the 17th day of July, 1882. On that day she procured a summons for his removal, returnable July 18, 1882.

The court at General Term said : " The statute is, ' the precept must be returnable not less than three nor more than five days after it is issued, except that where the proceeding is taken upon the ground that a tenant continues in possession of demised premises after the expiration of his term without the permission of his landlord, and the application is made on the day of the expiration of the lease, or on the next day thereafter, the precept may, in the discretion of the judge or justice, be made returnable on the day on which it is issued at any time after twelve o'clock noon, and before six o'clock in the afternoon.' (Code, § 2238.) It will be seen, therefore, that it was competent for the justice to make the precept in this proceeding returnable on the day on which it was issued, or not less than three nor more than five days thereafter, but not the next day. These statutory proceedings are quite technical and the statutes must be strictly pursued. There is no authority for such a summons as that issued in this case. The petition presented to the magistrate was sufficient to bestow jurisdiction of the subject, but it required a regular precept properly served, or a voluntary appearance, to confer jurisdiction of the person. The summons issued was irregular and insufficient and could not form the basis of any judicial proceeding. Neither was there any appearance to give

jurisdiction over the person. The return of the justice states that 'the defendant, without offering to put in a written answer, should use a physician's certificate that defendant's wife was sick. I told him if he wanted to have an adjournment or a trial of the matter he must file a written and sworn answer, which he failed to do, and he then immediately left the court room.' He did nothing more than enter the court room, show the certificate to the magistrate, and leave the room without uttering a word. This was not an appearance in the action, and so no jurisdiction was obtained of the person of the defendant."

The judgment of the County Court should be affirmed, with costs.

*A. H. Dailey*, for the appellant.

*Morris & Pearsall*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred; PRATT, J., dissenting.

Judgment of County Court affirmed, with costs.